FRANK H. GREER AND ROBERT S. REEVES v. J. W. MCNEAL, T. B. REDER, J. N. WALLACE, HARRY W. PENTECOST AND T. F. MCKENNON, *as Administrator of the Estate of Francis R. McKennon.*

(Filed September 4, 1901.)

1. PROBATE COURT—Judgments Final, When. The probate court is, upon all matters upon which it is authorized to deal and upon which it has jurisdiction, a court of record and of final authority, and its final judgments are in these matters absolute, unless appealed from.

2. SAME—Judgment Need not Recite Jurisdiction. It is not necessary that in proceedings properly before the probate court and within its jurisdiction, that its judgments shall contain a recitation of the facts upon which the jurisdiction of the court depends. A final judgment of the probate court imports jurisdiction, and it will be infered from the fact that such a judgment was rendered, that all the facts necessary to its proper rendition, had been found to exist before the judgment was rendered.

3. SAME—Judgment Final, When. In the absence of fraud and collusion, the amount found to be due against the administrator upon a final settlement of his accounts, by the judgment of the probate court is conclusive, not only upon him but upon his sureties in an action upon the administration bond, unless an appeal has been taken or the judgment has been reversed upon a proceeding in error.

(Syllabus by the court.)

*Error from the District Court of Logan County; before Jno. H. Burford, Trial Judge.*

*Lawrence & Huston,* for plaintiffs in error.

*Cotteral & Hornor,* for defendants in error.

STATEMENT OF FACTS.

This was an action brought in the district court of Logan county by McKennon, administrator, against the

plaintiffs in error and others, upon certain administration bonds. The facts necessary for a determination of the case are that Pentecost and Murphy were appointed administrators of the estate of F. R. McKennon, deceased, in January, 1893. Thereafter Murphy was, at his own request, relieved from the administration, after which time Pentecost served as sole administrator.

Thereafter on December 12, 1895, J. W. McNeal was, upon his application, released as surety upon Pentecost's original administration bond, and Pentecost, under the direction of the court, filed a second administration bond, which was approved June 20, 1896, upon which the plaintiffs in error were, with others, sureties.

Each of these administration bonds provided that: "If the above bounden H. Pentecost shall faithfully execute the duties of the trust as such administrator, according to law, then this obligation to be null and void, otherwise to be and remain in full force and effect."

Pentecost filed what purported to be his last annual report on February 27, 1897, which was not approved by the probate court. Thereafter, upon April 27, 1897, he was removed from his office, and the defendant in error, T. F. McKennon and C. E. Billingsley were appointed by the court to be special administrators of the estate to serve until an administrator could be appointed to succeed Pentecost.

After his removal Pentecost was required by the court to file a supplementary report covering the period from the date of his last annual report to the date of his removal, and also covering the period up to the time when his supplementary report was filed, namely, June 23, 1897.

Various hearings were had upon these reports, when, upon the 27th day of July, 1897, the probate court rendered a final judgment against Pentecost, in which it was recited that "the same being a day of the regular July term of said court, * * * this matter came on for hearing upon the special report of Harry W. Pentecost, late administrator of said estate, filed June 23, 1897, * * * and the court having heard the evidence and argument of counsel and being duly advised in the premises, finds the ·following," (and here thé court included in the judgment rendered an elaborate and itemized finding of facts), and the judgemnt concludes that, "It is therefore considered, ordered and adjudged by the court, that said Harry W. Pentecost, late administrator of said estate, is indebted to said estate in the sum of $2,403.33. And that said Pentecost now or should have in his hands said amount, belonging to said estate, and the said H. W. Pentecost is hereby directed and ordered to forthwith pay over to George E. Billingsley and T. F. McKennon, special administrators of said estate, the said sum of $2,403.33, as the money of said estate."

The special administrators thereafter demanded from Pentecost the amount of money thus found to be due by the probate court, and payment having been refused, two suits were brought in the district court, one against Pentecost and his sureties upon his first administration bond, and the other against the administrator and his special sureties upon the second administration bond. The petition in each case declared upon the judgment which had been found by the probate court against the defendant, Pentecost, and his sureties respectively, and by each of the petitions filed therein, averred additional liabilities upon various other items of account as due from Pentecost. Each of these cases was

tried to the court without a jury, and by consent of the parties to the cause, were consolidated, and a common judg-. ment rendered in which the final judgment of the probate court was affirmed, and a judgment for $2,403.33 found to be due, and the liability distributed so that the sureties upon the first administration bond, up to the time of McNeal's release therefrom, were required to pay $1,759.06 and against the remainder of the defendants, including the plaintiffs in error, for $644.27, with interest.

Upon all other counts, the court rendered judgment against the plaintiffs, the defendants in error here, and in behalf of the defendants, the plaintiffs in error here. The defendants reserved no exceptions, and have taken no appeal.

Opinion of the court by

McAtee, J.: It is provided in the Statutes of 1893, under the chapter upon probate courts, and upon the subject of their jurisdiction, that:

"(1171). 2. The proceedings of this court are construed in the same manner, and with like intendments, as the proceedings of courts of general jurisdiction, and to its records, orders, judgments and decrees there are accorded like force, effect and legal presumption as to the records, judgments and decrees of district courts."

And by section 1576, section 1, that there shall be a probate court, "which shall have the jurisdiction and proceed in the manner provided in the laws governing proceedings in probate courts and of guardians and wards."

And by section 1426 that:

"The settlement of the account and the allowance thereof by the court, or upon appeal, is conclusive against

all persons in any way interested in the estate, saving, however, to all persons laboring under any legal liability, their right to move for cause to reopen and examine the account, or to proceed by action against the executor or administrator, either individually or upon his bond, at any time before final distribution; and in any action brought by any such person, the allowance and settlement of such account is *prima facie* evidence of its correctness."

And it is again provided in section 1470:

"Orders and decrees made by the probate court, or the judge thereof, need not recite the existence of facts, or the performance of acts upon which the jurisdiction of the court or judge may depend, but it shall only be necessary that they contain the matters ordered or adjudged, except as otherwise provided in this chapter * * *."

These provisions of the statute thus plainly and explicitly declare the probate court to be, upon the matters with which it is authorized to deal and upon which it has jurisdiction, a court of record and of final authority, that its final judgments are absolute unless appealed from, and that its records and judgments shall so be taken in all proceedings properly before it and within its jurisdiction, and shall be so taken without the recitation of facts upon which the jurisdiction of the court may depend. One of the subjects included within its jurisdiction is the settlement of final accounts, and the judgment of the probate court, therefore, upon the only count upon which the district court rendered judgment against plaintiff in error, was final and absolute as against the administrator, Pentecost.

The finding of the court was that Pentecost was in default for the payment of various sums of money amounting

to the judgment fund against him, which he was ordered to pay over as administrator, and which he failed and refused to do. He did not, therefore, in the terms of the bonds sued upon, "faithfully execute the duties of the trust as such administrator, according to law," and the obligation was therefore in full force and effect as against his sureties.

The uniform holding of the courts has been that in the absence of fraud and collusion, the amount found to be due against the administrator by the judgment of the probate court, is conclusive, not only upon him, but upon his sureties, in an action upon the administration bond, unless an appeal has been taken or the judgment reversed upon a proceeding in error.

It cannot be said that the sureties were not privy to the proceedings affecting their principal, or that they were in any sense strangers to the proceedings against him.

"It was said in *Braiden v. Mercer,* 44 Ohio St. 342, that:

"The sureties in an undertaking in attachment contract to pay the defendant all damages sustained by reason of the attachment if the order prove to have been wrongfully obtained. Has it ever been doubted that the determination by the court in the attachment proceeding that the order was wrongfully obtained concluded the sureties upon that question in an action upon their undertaking? By an undertaking in replevin the sureties contract that their principal will duly prosecute the action and pay all costs and damages which may be awarded against him. Nobody will claim that the award of damages in the replevin suit is not final against the sureties in an action against them upon the undertaking. An undertaking in an injunction proceeding is conditioned to secure the party enjoined the damages he

may sustain if it be finally decided that the injunction ought not to have been granted. It has never been supposed that the sureties in an action against them could be heard to say that they were strangers to the injunction proceeding, and that the decision of the court that the injunction ought not to have been granted should be disregarded and that question again litigated.

"It is not easy to distinguish the principles involved in these proceedings from the one we are considering.

"Indeed it may well be considered an established principle that whenever a surety has contracted with reference to the conduct of one of the parties in some suit or proceeding in court, he is, in the absence of fraud and collusion, concluded by the judgment."

Many cases, cited in affirmation of the principle, are to be found in the decisions of the supreme courts of Wisconsin, Michigan, New Hampshire, Connecticut, the supreme court of the United States, California and others.

The judgment of the district court is, therefore, affirmed.

Burford, C. J., who presided in the court below, not sitting; all the other Justices concurring.