## SHIPMAN, *Adm'r,* v. BROWN *et al.*

No. 2293.  Opinion Filed January 7, 1913.

(130 Pac. 603.)

1. **EXECUTORS AND ADMINISTRATORS** — Action Against Preceding Administrator—Recovery of Assets. Under section 100, Ind. Ter. Ann. St. 1899 (section 43, Mansf. Dig. Ark.), an administrator de bonis non may proceed at law against his delinquent predecessor, and his sureties, or either of them, to recover any part of the estate the preceding administrator may have in his possession.

2.    **SAME—Res Judicata—Accounting by Executor.**  A decree, duly
entered on a final accounting by a county court, in the absence
of mistake or fraud, and from which no appeal has been taken,
·is conclusive on the administrator and the sureties on his bond.

(Syllabus by Robertson, C.)

*Error from District Court, Washington County;*
*T. L. Brown, Judge.*

Action by J. T. Shipman, administrator, against Georgia
A. Brown, *nee* Stokes, and the United States Fidelity & Guar-
anty Company. Judgment for defendants, and plaintiff brings
error. Reversed, and judgment entered for plaintiff in error.

In the year 1905, Georgia A. Brown, *nee* Stokes, was ap-
pointed administratrix of the estate of her deceased husband,
James H. Stokes, by the United States Court for the Northern
District of the Indian Territory. She qualified according to law,
giving bond in the sum of $4,000, for the faithful performance
of her duties as such administratrix, with the United States Fidel-
ity & Guaranty Company as surety. On January 31, 1908, said
administratrix filed her resignation in the county court of Wash-
ington county, and at the same time ·filed her final report as such
administratrix, which report, after a hearing thereon, was taken
under advisement by the court until March 18, 1908, when a de-
cree was entered accepting her resignation and appointing plain-
tiff in error as her successor, and also adjudging said Georgia
A. Brown, *nee* Stokes, to be indebted to the estate of James H.
Stokes, deceased, on said final accounting in the sum of $4,016.54,
and ordering her to pay the said amount to plaintiff in error,
her successor, and also directing plaintiff in error to bring suit
against her and the surety company, on the official bond of the
said administratrix, on account of breach of duty and noncom-
pliance with the terms and conditions of said bond. Suit ac-
cordingly was instituted in the district court of Washington coun-
ty by plaintiff in error against defendants in error on April 27,
1908. On May 26, 1908, defendants filed an answer denying
liability. On May 27, 1908, plaintiff filed a general demurrer
to the answer of defendants, which was overruled by the court,
to which ruling plaintiff excepted. On July 13, 1908, plaintiff

replied, and thereafter, on February 19, 1909, the cause came on for trial.   After the evidence had all been introduced, and before any decision had been reached as to the merits of the controversy, the defendants asked leave to file an amended answer, which leave was granted, over objections of plaintiff, and the amended answer filed on February 20, 1909.   The cause was tried to the court, without a jury; and after the filing of the amended answer on February 20, 1909, as aforesaid, the matter was taken under advisement by the court until February 4, 1910, nearly a year from the date of the filing of the amended answer, at which time defendants, by leave of court, without withdrawing their answer, filed a demurrer to plaintiff's petition, setting up as grounds thereof:  First, that the court had no jurisdiction of the subject-matter of this action; second, that the petition did not state a cause of action; third, that there was a defect of parties plaintiff; fourth, that the plaintiff had no legal capacity to sue.   To the filing of this demurrer at the time and under the circumstances, the plaintiff objected, which objections were overruled by the court, and an order was thereupon entered sustaining said demurrer and dismissing plaintiff's petition, from which order and judgment of the court the plaintiff appeals.

*W. A. Chase, W. A. Sipe, Jr.,* and *Veasey & Rowland,* for plaintiff in error.

*Dennis H. Wilson, John F. Kane,* and *Frank B. Burford,* for defendants in error.

Opinion by ROBERTSON, C. (after stating the facts as above).   Plaintiff contends that the court erred in permitting defendants' demurrer to be filed:  First, because it was not filed within the time required by statute; second, because it was filed after issues of fact were joined by defendants' answer to the plaintiff's petition and plaintiff's reply, and after trial of those issues, and without the answer having been withdrawn.   Plaintiff also contends that the court erred in sustaining defendants' demurrer, and further that the court erred in refusing to sustain

plaintiff's demurrer to defendants' answer, and that the court also erred in refusing to sustain the objection of plaintiff to the introduction of testimony under the answer.

From a consideration of the record, and the questions raised in the petition in error, it becomes unnecessary to discuss the various assignments of error urged by plaintiff in error, in the order stated above; and, without deciding the questions of practice raised in the assignment, we will take the case on its merits without reference to the minor questions involved, inasmuch as the result will be the same in either event, and the consideration of the questions of procedure, under the peculiar facts of the case, will add no value to the opinion, and will have no weight or influence with us in reaching our conclusion.

The first question to be disposed of is the sufficiency of the petition, as challenged by defendants' demurrer on several grounds, all of which, however, have been waived, except that of the incapacity of the plaintiff to sue; and in support of this objection they rely upon the theory that, under the laws of Arkansas, an administrator *de bonis non* has no authority to sue his predecessor's bondsmen. Defendants urge, in support of this contention, that the bond in this case, having been executed under the laws in force in the Indian Territory prior to statehood, must be construed and the rights of the parties fixed by those laws, which, so far as this case is concerned, will be conceded, and, if that be true, then that the question of the power of an administrator *de bonis non* to sue the sureties on his predecessor's bond has been fully defined and denied by the statutes in force in the Indian Territory at the time the bond in this case was executed, and cites, in support of such contention, section 99, Ind. Ter. Ann. St. 1899 (section 42, c. 1, Mansf. Dig. Ark.), which reads as follows:

"If any executor or administrator die or resign, or his letters be revoked, he, or his legal representatives shall account for, pay and deliver to his successor, or the surviving or remaining executor, all money and personal property, and all the rights, credits, deeds, evidences of debt and papers of any kind belonging to the estate of the deceased, at such time and in such man-

ner as the court shall order; and such court, in case of a refusal to comply with such order shall have power to enforce the same by attachment."

Also section 199 (Ind. Ter. Ann. St. 1899, sec. 256) :

"The bond of any executor or administrator may be sued on at the instance of any legatee, distributee, creditor or other person interested, in the name of the state, to the use of such legatee, distributee, creditor or other person interested, for any mismanagement, waste or other breach of the condition of such bond; and the party to whose use suit is brought shall have judgment against the executor or administrator, and his securities, for the whole value of the estate mismanaged or wasted, with costs of suit; and the amount so recovered shall be distributed by the court in the same manner as if the same had been accounted for by the executor or administrator."

In addition to the above sections of the statute, reference is made to the cases of *Williams v. Cubage,* 36 Ark. 307, *Finn v. Hempstead,* 24 Ark. 112, and *State v. Rottaken,* 34 Ark. 144, as supporting their contention. The foregoing are all the authorities cited in the brief; and it is evident to our minds, after a careful consideration of the subject, that these authorities not only do not support that idea, but, on the contrary, support the very opposite view.

Counsel have also evidently overlooked section 100, Ind. Ter. Ann. St. 1899 (section 43, c. 1, Mansf. Dig. Ark.), which reads as follows:

"The succeeding administrator or the remaining executor may proceed at law against the delinquent and his securities, or either of them, or any other person having in his possession any part of the estate."

This section furnishes specific authority, in itself, to warrant plaintiff in bringing and maintaining this action. Besides, the cases cited in our opinion sustain this view. Thus in *Williams v. Cubage, supra,* the suit was to recover the value of assets belonging to the estate which plaintiff's predecessor had wasted, not to recover the value of assets in his predecessor's hands, such as this action was brought for. In that case the rule announced is that an administrator *de bonis non* cannot sue his predecessor for waste. In *Finn v. Hempstead, supra,* the identical rule was

announced and followed, and in addition the right of an administrator *de bonis non* to sue the predecessor's bondsmen was recognized by the court in the following language, found on page 118 of 24 Ark.:

"By statute, an administrator *de bonis non* may invoke the aid of the probate court against his predecessor, or his legal representatives, to obtain possession of effects unadministered, or he may bring suit upon the bond of the delinquent predecessor."

While in *State v. Rottaken, supra,* the same rule was followed, and in addition it was specifically held that, under the sections above quoted (42 and 43, Mansf. Dig. Ark.), an administrator *de bonis non* could maintain an action on his predecessor's bond for the value of the assets remaining in the latter's hands. On this point the court says:

"Section 42 (Mansf. Dig.) (section 99, Ind. Terr. Ann. St. 1899), cited above, makes it the duty of the executor or administrator, when his administration terminates in his lifetime, to account for, pay, and deliver the assets remaining in specie, under the order of the probate court, to his successor; and, in the event he dies before he is discharged or removed, it makes it the duty of his legal representative to account for, pay, and deliver so much of the assets as remain in specie and were capable of being identified and ascertained, in like manner, to such successor. His legal representative is required to give bond for the faithful discharge of his duties, one of which, nominated in the bond, is: He shall 'well and truly do and perform all other matters and things touching' his administration, 'that are or may be prescribed by law, or enjoined' on him 'by the lawful order, sentence, or decree of any court having competent jurisdiction.' One of the duties appertaining to his administration, prescribed by law, is to account for, pay, and deliver to such successor the assets belonging to the estate of the deceased, represented by his testator or intestate, in his lifetime, and remaining in specie, when thereunto required by the probate court. If he fails to do so, he is liable to a suit on his executorial or administration bond. *On the other hand, if the administration of the first executor or administrator terminates in his lifetime, it is his duty to account for, pay, and deliver to his successor such assets under order of the court, and, if he fails to do so, is liable to an action on his bond.*" (Italics ours.)

This being an action by Shipman, plaintiff in error, to recover from his predecessor and her surety the value of the assets found to be in her hands by the decree of the county court of Washington county entered on March 18, 1908, and from which no appeal was prosecuted, and which has become conclusive on the defendants in error and each of them (*Greer v. McNeal,* 11 Okla. 519, 69 Pac. 891; *Southern Surety Co. v. Burney et al.,* 34 Okla. 552, 126 Pac. 748), it therefore follows that the court erred in sustaining defendants' demurrer to the petition. It will be remembered that the above-mentioned demurrer was filed and presented to the court after the testimony was all in, and after the issues had been joined by the filing of an answer by the defendants, and while the same was yet pending and had not been withdrawn. We have treated it herein as though it had been filed in due time, and have purposely ignored the gross irregularities attending its filing and consideration by the court in order that no question concerning the sufficiency of the allegations of the petition might be hereafter urged.

The next and only other question presented, deserving consideration, is the alleged error of the court in overruling plaintiff's demurrer to defendants' answer; and for this purpose we will consider the objection as to the legal sufficiency as going to the amended, as well as to the original, answer. It will be remembered that this was a suit to recover from a preceding administratrix and her surety a sum found to be due and owing the estate from the administratrix on a final accounting in the county court. The answer admitted all the allegations of plaintiff's petition, except only the conclusion of defendants' liability. As an affirmative defense, it was sought to show that the decree of the county court (a certified copy of which was attached to and formed a part of plaintiff's petition) was false. It attempts to show that the money, found by the county court to be due the estate, belonged to the administratrix individually, and not to the estate; that it was derived from the sale of her own property; and that she did not know, when she executed her petition to the county (probate) court to sell said property, that the price therein named was $6,000, but thought it was $300 only. The an-

swer does not attempt to show that there was any mistake on the part of the county court in determining the balance due from her to the estate. She did not ask that the decree be corrected in that respect; neither did the answer allege that the decree was entered as a result of a mistake in entering and including, in the final account as administratrix, money belonging to her individually. The decree, therefore, not having been entered against her on account of fraud or mistake, and no appeal ever having been taken from the judgment of the county court fixing the amount due the estate, the same has become final and conclusive, not only as to the administratrix, but also as to her surety. *Greer v. McNeal, supra; Southern Surety Co. v. Burney, supra,* and the authorities therein cited.

It thus appears that the action of the court in overruling the demurrer to the answer was error, and the same objection being later urged by plaintiff in objecting to the introduction of evidence under said answer, the overruling of said objection by the court was also error. From a careful consideration of the entire case, it appears that plaintiff was entitled to judgment, which he was prevented from obtaining on account. of the errors hereinbefore noticed.

Therefore the judgment of the district court of Washington county should be reversed, set aside, and held for naught, and a judgment should be entered here in favor of the plaintiff in error and against the defendant in error, Georgia A. Brown, *nee* Stokes, in the sum of $4,016.54, and against the defendant in error the United States Fidelity & Guaranty Company in the sum of $4,000, with interest thereon at 6 per cent. per annum from March 18, 1908, and for all costs, and that execution issue thereon as soon as the mandate herein be received by the clerk of the district court of Washington county.

By the Court: It is so ordered.