## WAKEMAN v. PETER.

No. 5381.   Opinion Filed October 19, 1915.

Rehearing Denied November 30, 1915.

(152 Pac. 455 )

1. **LIMITATION OF ACTIONS—Action on Judgment—"Contract."**
A judgment is not a "contract" in the ordinary meaning of the word, as the most important elements of a contract are wanting, because there is no meeting of the minds, and the defendant has not voluntarily assented thereto, or agreed to pay anything. An action on a judgment, therefore, is not barred within three years, under the provisions of Rev. Laws 1910, section 4657, subsec. 2, limiting the commencement of actions on ·contracts, express or implied, not in writing, to three years.

2. **GUARDIAN AND WARD—Final Settlement—Judgment—Conclusiveness.** County courts are, in all matters within their jurisdiction, courts of record, and their judgments upon such matters, when not appealed from, are final determinations of the question: so, where in the final settlement of a guardian's account the court finds the ward indebted to the guardian in a sum certain, and gives judgment against the ward for such , sum, this is a final judgment.

(Syllabus by Devereux, C.)

*Error from County Court, Atoka County;*
*Baxter Taylor, Judge.*

Action by E. I. Wakeman, executor of the estate of D. N. Robb, deceased, against Osborn Peter. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

It appears that D. N. Robb, plaintiff's testator, was, in his lifetime, the guardian of the defendant in error, and on November 9, 1908, his final report as such guardian came on to be heard, and an order was entered approving the account, and finding that the ward was indebted to the guardian in the sum of $118.53, and giving judgment for this sum against the ward and in favor of the guardian, with interest at 6 per cent. The guardian having died, this action was commenced by his executor against the ward to recover this amount on August 13, 1912. There was a demurrer to the bill of particulars, which was sustained by the court, and judgment rendered against the plaintiff, and the case is brought to this court by petition in error and transcript.

*Gordon Fryer,* for plaintiff in error.

*W. F. Semple,* for defendant in error.

Opinion by DEVEREUX, C. (after stating the facts as above). The only question presented by the briefs is: Was the cause of action barred by the statute of limitation, the plaintiff in error contending that it is an action on a judgment of the county court, and therefore not barred until five years from the date of the judgment, and the defendant in error contending that it is an action on an express or implied contract, not in writing, and is therefore barred in three years. Rev. Laws 1910, section 6190, under "Probate Procedure," provides:

"The proceedings of this court are construed in the same manner, and with like intendments, as the proceedings of courts of general jurisdiction, and to its records, orders, judgments and decrees, there are accorded like force, effect and legal presumption as to the records, orders, judgments and decrees of district courts."

In *Greer v. McNeal,* 11 Okla. 519, 69 Pac. 891, it is held that the probate court is, upon all matters upon which it is authorized to deal, and of which it has jurisdiction, a court of record and of final authority, and its final judgments are absolute, unless appealed from, and this case has been followed in *Southern Surety Co. v. Burney,* 34 Okla. 552, 126 Pac. 748, 43 L. R. A. (N. S.) 308, and *Shipman v. Brown,* 36 Okla. 623, 130 Pac. 603.

But an action on a judgment is not an action on a contract, express or implied, within the meaning of these words as used in the statute. In *Morley v. Lake Shore Railway Company,* 146 U. S. 162, 13 Sup. Ct. 54, 36 L. Ed. 925, in passing on the question whether a judgment is a contract, the court says:

"The most important elements of a contract are wanting. There is no *aggregatio mentium.* The defendant has not voluntarily assented or promised to pay. 'A judgment is in no sense a contract or agreement between the parties.' "

And see *McDonald v. Dickson,* 87 N. C. 404; *Pease v. Howard,* 14 Johns. (N. Y.) 479.

The cause of action therefore, was not barred.

We recommend that the judgment be reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.