## SOUTHWESTERN SURETY INS. CO. v. RICHARD.

No. 7520—Opinion Filed Jan. 2, 1917.

(162 Pac. 468.)

**1. Guardian and Ward—Guardian's Bond—Sureties.**

Sureties on a guardian's bond, in the absence of fraud, are concluded by the decree of the county court, duly entered on a hearing on an accounting, or final settlement, as to the amount of the principal's liability, although the sureties are not parties to the accounting.

**2. Same—Liability on Bonds—Effect of Judgment Against Guardian.**

An order of a county court settling the final account of a guardian is a final judgment; in the absence of fraud, lack of jurisdiction to make the particular order not appearing in the record of the county court, no question or fact which was in issue or issuable in the hearing at which such order is entered may be the subject of attack except in a direct proceeding; and in a suit on the guardian's bond, a defense which controverts the existence, correctness, or validity of any such issuable question or fact, the existence, correctness, or validity of which is necessary to support such final order, is a collateral attack on such order.

**3. Same—Bonds—Obligees.**

A guardian's bond designated the obligees as "Redfield P. Richard et al., minors," not designating by name the remainder of the obligees; the caption of the bond gave the number of the guardianship cause, and referred to the order appointing the guardian, which included the name of Parthenia A. Richard as one of the wards. The bond was given in pursuance of an order of the county court requiring the guardian to execute a bond to Parthenia A. Richard, in order that certain funds of Parthenia A. Richard might be received by the guardian. In a suit on the bond, the petition of plaintiff alleged that the bond was executed to Parthenia A. Richard. and a general denial by defendant was not verified. Held, that these facts sustain the conclusion that the bond was executed to Parthenia A Richard, as one of the obligees.

(Syllabus by Johnson, C.)

Error from Superior Court, Muskogee County; H. C. Thurman, Judge.

Action by Redfield P. Richard, as administrator of the estate of Parthenia A. Richard, against the Southwestern Surety Insurance Company. Plaintiff was granted a new trial, and defendant brings error. Affirmed.

Benj. Martin, Jr., and Mosier, Greenslade & Reynolds, for plaintiff in error.

J. B. Furry and E. C. Motter, for defendant in error.

Opinion by JOHNSON, C. Upon August 19, 1911. an order was entered in the county court of Muskogee county, appointing Ben H. Richard as guardian of the persons and estates of Redfield P. Richard, Parthenia A. Richard, Mary E. Richard, Hazel B. Richard, and Shelby C. Richard, minors, and requiring the guardian to give a $2,000 bond. Upon August 21, 1911, prior to the execution of his bond as such guardian, or the issuance of letters of guardianship, the said Ben H. Richard, as such guardian, filed in said court his petition for authority to sell certain lands of the said Parthenia A. Richard. After regular notice of the hearing of such last mentioned petition, on September 19, 1911, the said county court entered an order for the sale of such real estate. While it did not so appear in the records of the county court, and seemingly was not known at the time by any of the interested parties or by the court, it now appears that the said Parthenia A. Richard arrived at her majority on October 5, 1911, prior to the sale by the guardian and before the other proceedings hereinafter mentioned. On October 9, 1911, the said Ben H. Richard, as guardian, proceeded to sell such real estate in accordance with such decree of sale, making his return of the sale on October 11, 1911, and the sale was confirmed by the said court, after regular notice, on November 1, 1911. It seems that at the time of the sale the purchase price of the land, being $2,525, was paid into the court for the guardian.

On November 15, 1911, after the confirmation of sale, it seems to have been discovered by the court that the guardian had not executed his regular guardianship bond (it also appearing that no additional sale bond had been executed), and had not received letters of guardianship; and on that date an order was entered requiring the guardian to give bond to the minors in said cause in the sum of $3,000, before he should receive from the court the said proceeds of such sale. Pursuant to this order, on November 15, 1911, the said Ben H. Richard, as such guardian, as principal, with the Southwestern Surety Insurance Company, a corporate surety for hire, executed and filed his guardianship bond to the minors in said cause in the sum of $3,000. Letters of guardianship were then issued to the said Ben H. Richard on the persons and estates of the persons hereinabove named as the minors involved in said cause, and the said proceeds of the sale of the Parthenia A. Richard land were delivered by the court to the guardian.

Upon November 22, 1911, the said Ben H Richard filed in said county court his final report of the guardianship of the said Parthenia A. Richard, showing no receipts of

moneys except the proceeds of such sale of real estate, and showing a balance thereof due the minor in the sum of $1,736.21, which final account was approved by the court on January 3, 1912, the order approving such account not having been appealed from and having become final.

On July 31, 1912, the said Ben H. Richard, guardian, died insolvent; on May 29, 1913, Parthenia A. Richard commenced this action in the superior court of Muskogee county against the Southwestern Surety Insurance Company, surety as aforesaid, for the recovery of $1,736.21, the balance due by the said Ben H. Richard, as her guardian, as shown by such approved final report, together with accrued interest; on August 9, 1913, the said Parthenia A. Richard died, the cause being revived in the name of Esther Richard, her administratrix; and on January 29, 1914, the said Esther Richard died, the cause being again revived, in the name of the present plaintiff, Redfield P. Richard, as administrator of the estate of Parthenia A. Richard, deceased.

At the trial in the superior court, on January 26, 1915, a demurrer was sustained to the evidence of plaintiff, and judgment rendered in favor of the surety company. Motion for new trial, having been filed in regular time, was sustained, and the judgment set aside by the lower court on February 5, 1915, upon the following grounds expressed in the order, viz.: (1) That a final receipt from the said Parthenia A. Richard to her said purported guardian, pleaded by defendant, had been admitted to have been obtained without consideration; and (2) that the order of the county court, approving the final report of the guardian, was conclusive on the guardian and his surety, and that the surety is estopped to deny liability on the bond. From the order granting the new trial, the surety company has appealed to this court.

The surety company contends that the said Parthenia A. Richard having attained majority on October 5, 1911, the guardianship ceased at that time to exist, and the county court lost jurisdiction of her estate except for the purpose of requiring a settlement by the guardian for funds received by the guardian during the minority of the ward; that after that date the said Parthenia A. Richard had the right to sell her own lands without the intervention of a guardian; that the sale by the guardian after her arrival at majority was void; that no title passed thereby; and that the proceeds of the sale did not rightfully pass to the ward's estate, but still

remained the property of the purchaser. These contentions are included in the first and third propositions argued by plaintiff in error.

We are of opinion that the surety is bound by the order of the county court, settling the accounts of the guardian, and is estopped to set up the invalidity of the proceedings.

In the case of Boudinot et al. v. Locust et al., 55 Okla. 662, 151 Pac. 579, which was a suit on the bond of an administrator, it was alleged by the surety that the moneys sought to have been recovered were the proceeds of oil and gas royalties from lands allotted to the heirs of the decedent, a Cherokee Indian, that neither the decedent nor his estate had any interest in such funds, but that same belonged to the heirs as originally acquired property. However, such moneys were received by the administrator, and included in his final account as estate funds. In that case this court said:

"Where an administrator of the estate of a deceased person petitions the county court having jurisdiction of the estate for an order directing certain parties or persons to turn over to him as such administrator certain funds, and the court sustains such petition and enters said order, and the administrator receives and accepts said funds as such administrator, held, that neither the administrator nor the sureties on his bond will be permitted thereafter, in a suit against them to recover such funds, to deny that said funds were received by said administrator in his fiduciary capacity, nor will they be permitted in such a proceeding, under such circumstances, to deny that said administrator was legally appointed as such."

In the case of Henry v. Melton, 46 Okla. 278, 148 Pac. 730, the guardian sold certain supposed interests of his ward in certain lands, receiving the proceeds. His final report, including such funds, was approved by the county court and not appealed from. In a suit on the guardian's bond, the surety set up that the lands sold and the proceeds thereof were claimed by, and were the property of, the father of the ward; and this court, quoting the rule from other cases by this court, said:

" 'Guardian's Bond—Sureties—Final Settlement—Conclusiveness. — Sureties on a guardian's bond are, in the absence of fraud, concluded by the decree of the county court, duly entered on a hearing on an accounting, or final settlement, as to the amount of the principal's liability, although the sureties are not parties to the accounting.' Title Guaranty & Surety Co. v. Slinker, 35 Okla. 128, 128 Pac. 696; Southern Surety Co. v. Burney et al., 34 Okla. 552, 126 Pac. 748, 43 L. R. A.

(N. S.) 308; Greer et al. v. McNeal et al., 11 Okla. 519, 69 Pac. 891."

In the case of Henry v. Melton, supra, this court further said:

"The money in his possession, as shown by his final report, is the property of his ward, as determined by the county court, and this is binding, so far as this case is concerned."

In the case of Donnell et al. v. Dansby et al., 58 Okla. 165, 159 Pac. 317, this court said:

"The surety upon a guardian's sale bond, where property has been sold by such guardian and the proceeds squandered, will not be permitted in an action on the bond to deny the **validity of the guardian's appointment or of the proceedings resulting in the sale, nor to deny that he received the proceeds of said sale in his fiduciary capacity.**" (Emphasis ours.)

In the case of Anderson v. Anderson, 45 Okla. 653, 146 Pac. 709, by this court, the syllabus is as follows:

"Where a guardian executed the bond required by Rev. Laws 1910, sec. 6564, and received the proceeds of the sale of land for his ward, and fails to turn over the same to his successor in office after settlement with the county court, and after he is ordered so to do by the court, he is estopped, in a suit on the bond against himself and his surety, to say that the court had no jurisdiction over the property, and to repudiate the trust and set up title thereto in himself. His surety is also estopped to set up title thereto in the guardian."

This long line of decisions by this court settles the rule that the surety in this case is estopped to deny the validity either of the guardian's appointment or of the sale proceedings, as well as to deny that the guardian received these funds in his fiduciary capacity.

As related to the above rule, this court has held repeatedly that, in the absence of fraud, the proceedings of the county court appearing regular upon their face, in a collateral proceeding the validity of the appointment of a guardian may not be attacked by showing extrinsic facts which would have deprived the court of jurisdiction to make the appointment; that the validity of a guardianship sale proceeding may not be collaterally attacked; that the liability imposed by a final order of a county court settling the accounts of a guardian may not be attacked in a collateral proceeding; and that an attack upon such proceedings and orders in a case of this character is a collateral attack. See Cabell v. McLish et al., 61 Okla. 224, 160 Pac. 592; Scott v. Abraham, 60 Okla. 10, 159 Pac. 270; Wakeman v. Peter, 52 Okla. 639, 152 Pac. 455; Johnson v. Johnson, 60 Okla. 206, 159 Pac. 1121, and other cases hereinabove cited.

The records of the county court in this case do not show that Parthenia A. Richard was an adult at the time of the sale, or at the time of the execution of the bond, or at the time of the receipt of the moneys in question, but appear regular as to these matters. Without deciding here whether a surety of a guardian is liable in a direct proceeding, on the hearing of the final account, for funds coming into the guardian's hands after the majority of the ward on transactions arising wholly after such majority, it is sufficient in this case to say that the question as to whether this money was properly received by the guardian in his fiduciary capacity, as such, as well as the correlative questions affecting the validity of the appointment and sale proceedings, involved issuable facts for determination by the county court at the hearing of the final account. At that hearing, this surety might have litigated those questions; and, under the decisions of this court, hereinabove cited, in such a proceeding as this it is conclusively presumed that these matters were passed upon and adjudicated by the county court, no fraud being alleged, and a lack of jurisdiction to make the final order not appearing in the record.

Plaintiff in error says that the guardianship sale was void and passed no title, and that the proceeds of the sale are the property of the purchaser, and not of the ward. As above indicated, we cannot adjudicate this matter here, for it has been passed upon in the final order of the county court, so far as this case is concerned. However, this court has held that, in such a case, a void sale being involved, the guardian holds the proceeds of the sale in trust for the purchaser. See Brook v. Wertz et al, 61 Okla. 238, 160 Pac. 903. The record does not show whether or not the ward in this case or her administrators have executed this trust, and for this reason we cannot pass upon the effect of this possible trust relation. The surety has allowed its liability to the ward to become the subject-matter of res judicata, and consequently this suit is properly brought. However, it may be well to suggest that, if the trust has not been executed and the purchaser's rights protected, the purchaser would be a proper party to a complete adjustment of the surety's liability in the case.

Plaintiff in error contends that the bond in this case, upon its face, is insufficient to establish liability, by reason of the fact that the obligees were named as "Redfield P. Richard et al., minors"; Parthenia A. Richard not being specified by name, but having at the time reached her majority, and not

being properly included in the above designation. However, the caption of the bond gave the number of the probate cause, referred to the order of appointment, which included the name of Parthenia A. Richard; and the records of the county court fairly import that Parthenia A. Richard was intended by the parties to the bond to have been included in the designation of the obligees. The surety is estopped to assert the nonexistence of the guardianship, and on this proposition must rely wholly upon the insufficiency of the designation of the obligees to include Parthenia A. Richard. It appears that the bond was executed for the very purpose of complying with an order of the county court, in connection with the Parthenia A. Richard sale, requiring the guardian to give the bond before the proceeds of sale would be turned over to him by the court. The amended petition of plaintiff in this case alleged that the bond was executed to Parthenia A. Richard, and the answer to the amended petition was not verified. This proposition was not definitely set up in the pleadings in the lower court, and does not seem to have been raised there. In our opinion the pleading and proof of plaintiff upon this point, which was not contradicted, was sufficient to show that Parthenia A. Richard was one of the obligees in the bond. If such was not the intention of the bond, this may be the subject-matter of amended pleading and proof at another trial.

Under the conclusions we have reached, the order and judgment of the lower court, granting a new trial, should be affirmed.

By the Court: It is so ordered.