CADE WARD, Adm'r, *et al. v.* THE STATE OF MISSISSIPPI, use of E. F. MULLINS *et al.*

1. JURISDICTION OF PROBATE COURT: DECREES, EFFECT OF.—The jurisdiction of the Probate Court is full and complete as to all matters within its jurisdiction, and its decrees are final and conclusive, and can only be impeached for fraud, or reversed on error.

2. PROBATE COURT: POWER OF, TO TAKE NEW AND ADDITIONAL BONDS OF ITS OWN ACCORD.—The Probate Court has power, of its own motion and accord, without petition from the securities on the first bond, or from parties interested, to require a new and additional administration bond, when it shall be ascertained that the original bond was, or has become insufficient.

3. PROBATE COURT: NEW BOND: EFFECT OF DECREE REQUIRING.—Where the Probate Court requires an administrator to give a new bond, the validity of the decree cannot be attached collaterally, and can only be inquired into on appeal to the High Court of Errors and Appeals.

4. JURISDICTION OF PROBATE COURT.—The jurisdiction of the Probate Court is not confined to the trial of issues, as in the circuit and chancery Courts, but it is clothed with all powers, whether or not conferred by statute, which are necessary to the supervision of the matters entrusted to its jurisdiction.

5. NEW BOND: EFFECT OF, WHEN REQUIRED BY THE COURT UPON ITS OWN MOTION.—Where the sureties upon the original bond do not petition for relief, and the court of its own motion and accord requires a new bond to be given, this does not discharge the securities from their liability on the original bond.

ERROR to Circuit Court of Lawrence county. Hon. John E. McNair, judge.

This is an action brought in the name of the State, for the use of the heirs of James Mullins, deceased, against Cade Ward, administrator of Pollard Mullins, deceased, and Lucius H. Bridges and others, executors of B. R. Bridges, deceased, and Thos. J. Mullins. It is founded upon the administration bond of Pollard Mullins, administrator of James Mullins, upon which Thos. J. Mullins and B. R. Bridges were securities.

On the 19th day of November, 1849, Pollard Mullins was appointed administrator of James Mullins, and gave bond, conditioned as the law then required, in the penalty of $1,000, with William H. Mullins and Thomas E. Mullins as securities. The Probate Court, on the 20th day of July, 1853,

decreed, no petition having been filed by the parties interested in the estate, asking for additional security, or by the securities praying for relief, that Pollard Mullins, as administrator of James Mullins, should give "other bond and security." Pollard Mullins, with Thomas J. Mullins and B. R. Bridges as sureties, on the 17th January, 1854, gave another bond, as administrator of James Mullins, in the penalty of $10,000, and conditioned as stated in the opinion of the court.

The action is brought upon the second bond.

Plaintiffs in error demurred to the declaration, and among other causes assigned the following: "Because it is not alleged in the declaration that there is or was any order of the Probate Court authorizing the taking of counter-security on said original bond, or the taking of a new bond."

This cause of demurrer was overruled, and leave given to answer over. Plaintiffs in error then filed the following pleas, the first of which was sworn to:

1. *Non est factum.*

2. "That the bond sued on was invalid in this: That the Probate Court of Copiah county had no authority, at the time of taking said bond, to require or take the same, and the requisitions of the statutes in the premises were not complied with."

To the second plea defendants in error demurred, and assigned the following causes:

1. That the plea amounts to the general issue.

2. That it alleges matters of law and not of fact, such as can be tried by a jury.

3. That it is evasive, argumentative, defective and uncertain.

The demurrer was sustained; and upon leave given to answer over, the following amended second plea was filed:

"That the bond sued upon is invalid in this, to wit: There was no petition or application by the securities upon said Pollard Mullins' first bond of administration to the Probate Court for relief, but that the judge of said court required and took said bond sued on upon his own mere motion and accord.

A demurrer was filed and sustained. The cause was submitted to a jury, and a verdict rendered for defendant in error.

The following instruction was asked by plaintiffs in error, and refused by the court: "That if the jury find for the plaintiff (defendant in error), they can only find for the amount of the penalty of the first bond given by Pollard Mullins."

A motion for a new trial was made, overruled, and a writ of error sued out returnable to this court.

*John D. Freeman,* for plaintiffs in error.

*D. Shelton,* for defendant in error, cited the following authorities: 2 How. 856; 3 How. 252; 1 How. 450; 5 How. 638, 736; 6 How. 352, 524; Shep. Tench. 59; 13 Johns. R. 285; 18 Johns. R. 544; 2 Mass. 447; 9 Mass. 307.

ELLETT, J., delivered the opinion of the court.

An action of debt was brought in the Circuit Court of Lawrence county, in the name of the State, for the use of the distributees on an administration bond, to recover against the administrator of the administrator, and the executors of one of his sureties, the amount of money found to remain in the hands of the administrator after settlement of his final account, which was settled after his death by his administrator. The only point raised for the decision of this court is whether the bond sued on was valid. This bond was executed by Pollard Mullins (Ward's intestate), B. R. Bridges (of whom the said L. H. Bridges and H. H. Bridges are executors), and T. J. Mullins, in the penalty of $10,000, and is dated the 17th of January, 1854. The condition is in these words: "The condition of the above obligation is such that whereas the above bound Pollard Mullins, administrator of the estate of James Mullins, deceased, hath heretofore executed a bond payable to Jackson Milsaps, judge of probate, in the sum of $1,000, and conditioned for the discharge of his duties as administrator as aforesaid, which said bond bears date the 19th day of November, 1849; and whereas, by an order of the court, made on the 20th day of July, A. D. 1853, other bond and security hath been required of said Pollard Mullins: now therefore, if the said Pollard Mullins shall well and truly have kept, and shall well and truly keep and perform the

Ward et al. *v.* The State of Mississippi.

conditions of the bond aforesaid, and shall in all respects have performed, and shall continue to perform the duties of his office aforesaid, then this obligation to be void, otherwise it shall remain in full force and virtue."

The declaration sets out the condition of the first bond, which was in the form prescribed by the law in force at the time of its execution. (Hutch. Code, 656, section 56.)

The defendants, the executors of Bridges, the surety, pleaded "that the bond sued upon in this cause is invalid and not binding upon them in this, to wit, that there was no petition or application by the securities upon said P. Mullins's first bond as administrator to the Probate Court of Copiah county for relief, but that the judge of said probate court required and took said bond sued upon (if executed at all) of his own mere motion and accord."

The plaintiffs demurred to this plea, and assigned for causes of demurrer: 1. That the facts set forth in said plea, if true as pleaded, would not constitute any legal defence; and 2. That said plea amounts to the general issue of *non est factum;* and the demurrer was sustained.

The counsel for the plaintiffs in error say, that all the assignments of error terminate in one point, and have for their object to deny the validity of the bond sued upon, and we shall therefore confine ourselves to this single point. The only ground upon which the validity of the bond is assailed by the plea, is that there was no petition or application for relief by the sureties upon the first bond, but that the judge required and took the bond on his own mere motion and accord. There is no express averment that parties interested in the estate did not petition for a new bond, but the question may be considered as if such allegation had been made; and in that aspect it is to be determined whether the Probate Court has the right in any case to require an administrator to give a new additional bond without an application for that purpose by the sureties on his first bond, or by other persons interested in the estate ; or rather, whether a bond, given under the circumstances supposed, is void for want of power to take it, and liable to be impeached collaterally on that account.

The Probate Court is a court of full jurisdiction in all matters of administration, and in all cases within its jurisdiction its decrees are final and conclusive, and can only be impeached for fraud, or reversed for error. The subject-matter in this case was clearly within its jurisdiction. The Probate Court has power to take administration bonds, and to require new and additional bonds when it shall be ascertained that the original bond was, or has become, insufficient. Whether the particular facts existed to justify the exercise of that jurisdiction in this instance, was a question for the court to decide, upon the construction of the statutes, and in view of its general powers. It is not disputed that the administrator was duly summoned, and that jurisdiction over his person was properly acquired. The decree having passed requiring him to give a new bond, he did not appeal, but submitted to the decision, and complied with it by executing the instrument now sued upon. Whether the court committed an error, in granting such a decree, could have been inquired into on an appeal to this court; but it would be a precedent of most dangerous tendency to hold that the judgment of a court of record, in a cause wherein the subject-matter and the parties were subject to its jurisdiction, could be disregarded as a nullity by reason of such error.

But we are not by any means satisfied that there was any error in the proceeding for which the order of the court could have been reversed. It was then, as it is now, the duty of the Probate Court, in granting letters of administration, to take bond in a penalty " at least equal to the value of the estate." (Hutch. Code, 656, section 56; Rev. Code, 438, article 63). It was also provided that if the court should grant letters " without taking good security for the same, or if the security so taken shall afterwards become insufficient, it shall be lawful for the court, on the application of any person interested in the distribution of the estate, to require such executor or administrator to give other good and sufficient security, and in default thereof the letters of such executor or administrator shall be revoked." (Hutch. Code, 658, section 64.) And the next

Ward et al. *v.* The State of Mississippi.

succeeding section authorizes the sureties when they conceive themselves in danger of suffering thereby, to petition the court for relief.

These provisions are substantially retained in the Rev. Code, page 439, article 66, but there was not, and is not now, any express provision in the statutes for the case of a bond taken in an insufficient amount to cover the value of the estate. Nothing is more easy than for the court to fall into an error, or to be wilfully misled, in this respect. No inventory or appraisement, and no report of assets, can be made until after the qualification of the administrator, and nothing is on file when the bond is taken to show the value of the estate. In the present case, the penalty of the first bond was only $1,000, and after an administration running through nine years, and the payment of all debts and expenses of the settlement of the estate, there remained a balance of over $4,000 in the hands of the administrator. Is there no remedy to correct such a mistake as this? It is true that no statute specially points out the manner in which it may be done; but can the Probate Court do nothing but what is particularly set down in some statute? This would be a very erroneous view of the powers of that court. Its jurisdiction is not only full, but peculiar in its character, arising from the nature of the business that comes before it, and the mode of proceeding. The action of the court is not confined to the trial of causes brought regularly to issue, as in the circuit and chancery courts, but the judge exercises a general supervision over the administration of estates, and is bound to see that executors and administrators perform their duty. It is expressly made his duty to require bond in a penalty at least equal to the value of the estate, and, if on the coming in of the appraisement, or by other means, he is made aware that he has failed to do so, it would seem to be plainly incumbent upon him to cite the administrator to give a new bond in a sufficient penalty.

In the case of *Lehr* v. *Tarball,* 2 How. 905, Chief-Justice Sharkey said: " There is no doubt but the probate judge, without the intervention of any party, may remove an administrator

for good cause." If this be so, then he may, of course, "of his own motion and accord," cite the administrator to appear and require of him the performance of the duty, the non-compliance with which furnishes the "good cause" for his removal. We do not think the judge of probate transcended his legitmate powers in requiring the administrator to give the bond now sued upon, but, on the contrary, are of opinion that he only discharged a plain duty.

There is no objection to the form of the bond. As the sureties in the first bond did not petition for relief, the giving of this bond would not discharge them from their previous undertaking.

The judgment of the court below will be affirmed; the judgment for damages and costs in this court to be entered only against the executors of Bridges, who alone have prosecuted this writ of error, and their sureties.