WALSH v. METHODIST EPISCOPAL CHURCH, SOUTH, OF PADUCAH, TEX., et al. (No. 63–2806.)

(Commission of Appeals of Texas, Section A. June 21, 1919.)

1. DAMAGES ⬦122—BUILDING CONTRACTS—DELAY IN PERFORMANCE—MEASURE OF DAMAGES.

Church's measure of damages for contractor's failure to complete construction of church building within stipulated time is the value of the use of the building during the time it should have been used after date provided for completion.

2. DAMAGES ⬦80(1)—LIQUIDATED DAMAGES OR PENALTY.

Where it cannot be ascertained from the face of the contract that the damages stipulated to be paid in case of a breach are excessive, and it cannot be determined from evidence whether the stipulated amount reasonably approximates the actual damages, the provision cannot be construed as a penalty.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Action by the Methodist Episcopal Church, South, of Paducah, Tex., and others against E. L. Walsh and the Texas Fidelity Bonding Company. Judgment for plaintiffs affirmed by Court of Civil Appeals (173 S. W. 241) as to defendant Walsh, and reversed and rendered as to defendant surety company, and defendant Walsh brings error. Judgment of Court of Civil Appeals affirmed.

J. M. Blankenship, of Wichita Falls, for plaintiff in error.

Browne & Hawkins and James M. Whatley, all of Paducah, for defendants in error.

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

SONFIELD, P. J. The Methodist Episcopal Church, South, of Paducah, Tex., and the trustees thereof, plaintiffs, brought action against E. L. Walsh and the Texas Fidelity Bonding Company, defendants, to recover damages sustained by plaintiffs through the failure of defendant Walsh to complete a church building in the town of Paducah, Tex., according to the terms of a written contract. The Texas Fidelity & Bonding Company was sued as surety on the bond of Walsh. The cause was tried to the court, and judgment rendered against defendants in the sum of $1,029.36, of which amount $840 was for 84 days' delay in completing the building after the stipulated time at the rate of $10 per day. On appeal, the judgment of the district court was affirmed as to defendant Walsh, and as to the surety company reversed and rendered. 173 S. W. 241. Writ of error was granted on the application of defendant Walsh.

The question for determination is, Should the provision for the payment or forfeiture of $10 for each day's delay in completing the building after the specified date be construed as a stipulation for liquidated damages or as a penalty? The provision reads as follows:

"The contractor shall complete the several portions and the whole of the work comprehended in this agreement by and at the time or times hereinafter stated, to wit, September 1, 1913; and in the event the contractor fails to complete the same within the time specified, he forfeits the sum of $10.00 per day for every day it remains incomplete on his contract as liquidated damages; and party of the second part (the trustees) shall deduct the same out of the contract price if sufficient funds then remain in their hands; otherwise party of the first part to pay same at Paducah, Texas, on demand."

The Court of Civil Appeals held that the damages for failing to complete the church building within the time provided would necessarily be uncertain and their amount indeterminate; therefore the provision should be construed as fixing by stipulation the amount of the recovery; in other words, liquidated damages rather than a penalty.

In the view we take of the case, we deem it unnecessary to inquire into the correctness of this holding, being of opinion, upon an examination of the record, that the court reached a correct conclusion in construing this provision.

[1] In the Court of Civil Appeals defendant assigned as error the refusal of the trial court to permit the witness J. A. Lester to state what amount, if anything, plaintiff had paid out as rent for a building in which to hold public worship after the time the church building should have been completed under the terms of the contract and the time when it was actually completed, for the reason mentioned and set out in his bill of exception No. 1. The Court of Civil Appeals held the testimony irrelevant, the damages recoverable being the value of the use of the building during the time it should have been in use after September 1st. We concur in this holding.

Defendant's first assignment in his application for writ of error herein is as follows:

"The Court of Civil Appeals erred in sustaining the objections of plaintiffs and thereby refusing to permit the witness, J. A. Lester, to state what amount, if anything, plaintiff had paid out as rent for a building in which to worship after the time said church building should have been completed under the terms of the contract and the time when it was actually completed, *and the probable rental value of said church.*"

The italicized portion of this assignment of error does not appear in the assignment presented to the Court of Civil Appeals, nor does the bill of exception show any effort on the part of defendant to prove by the witness the probable rental value of the church. Had defendant proven or sought to prove rental value, a different case would have been presented.

Defendant did not plead that the provision in the contract for liquidated damages was intended as a penalty, or that there was no approximation between the stipulated amount and the actual damages suffered, nor was there any evidence of the amount of actual damages.

In Collier v. Betterton, 87 Tex. 440, 29 S. W. 467, in refusing a writ of error, the Supreme Court discussed the question of liquidated damages passed upon by the Court of Civil Appeals.

In that case, suit was brought to recover a balance due under a building contract. The contract stipulated that the building should be completed by the 1st day of October, 1889, failing in which contractor should pay to Collier, the owner, as liquidated damages, $10 per day for every day the completion should be delayed. Defendant Collier in his answer prayed damages for delay in the completion of the house, as a counterclaim, relying solely, so far as shown by the record before the Supreme Court, upon a stipulation in the contract as fixing the amount. The trial judge charged the jury, in effect, to allow the defendant damages upon his counterclaim at the rate of $10 a day from October 1, 1889, to November 12, 1889, the time at which defendant entered and occupied a part of the house. Pursuant to the instruction, the jury found for the defendant $420 offset against the balance otherwise due on the contract price, and gave verdict for the plaintiff for the difference. In passing upon the question of the correctness of the ruling of the trial court, the Court of Civil Appeals said:

"We do not think the action of the trial court upon this issue can be complained of by the appellant. We think the stipulation in the contract for $10 per day as liquidated damages for each day of delay in the completion of the building should have been construed and treated as a penalty. * * * Under such a construction there was not proof of damages to the extent of the recovery, and the appellant [Collier] suffered no injury from the charge as given."

The Supreme Court, discussing the construction of the provision with reference to damages, said:

"The principle would appear to be that although a sum be named as 'liquidated damages,' the courts will not so treat it, unless it bears such proportion to the actual damages that it may reasonably be presumed to have been arrived at upon a fair estimation by the parties of the compensation to be paid for the prospective loss. If the supposed stipulation greatly exceed the actual loss—if there be no approximation between them, and this being made to appear by the evidence—then it seems to us, and then only, should the actual damages be the measure of the recovery."

Applying the rules of law to the facts in that case, the court continued:

"In this case as presented to us there is no evidence by which the actual damage resulting from the failure to complete the building at the time stipulated can be ascertained, ten dollars per day is apparently a very large sum to pay for the rent of a house which cost $5,670 to construct; but we do not know the value of the lot. Nor is it clear that, even if the evidence disclosed the entire value of the property, we would be justified in assuming even approximately, its rental value. Such being the state of the case, we are not prepared to concur in the ruling of the Court of Civil Appeals upon the point just discussed."

[2] The contract price of the church building to be erected was $5,200. There is no evidence of the value of the lot, nor of the rental value of the property. Where, as in this case, it cannot be ascertained from the face of the contract that the damages stipulated to be paid in case of a breach are excessive, and there is no evidence of the amount of damages actually suffered, so that it cannot be determined from the evidence whether the stipulated amount reasonably approximates the actual damages, the provision cannot be construed as a penalty. We conclude that the facts in this case bring it clearly within the rule announced in Collier v. Betterton, supra, and under the record the provision must be construed as a stipulation for liquidated damages.

We are of opinion that the judgment of the Court of Civil Appeals, affirming the judgment of the district court, should be affirmed.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes