No. 22,653.

THE SOUTHERN SURETY COMPANY, *Appellant,* v. BERTHA W. COLE, *Appellee.*

### SYLLABUS BY THE COURT.

1. GUARDIAN'S SURETY BOND—*Duties of Probate Court Relating Thereto.* The duties of the probate court with respect to a guardian's surety bond are purely statutory.

2. GUARDIAN—*Release of Guardian's Surety—Statutory Procedure Must be Followed.* The only procedure provided by statute for the release and discharge of a guardian's surety are sections 4673 and 5071 of the General Statutes of 1915, which provide that it shall be lawful for the surety at any time to make application to the probate court to be released from the bond by filing his request and giving at least five days' notice in writing to the principal, and, when the court is of the opinion that there is good reason therefor, it shall release such surety, the costs of the release, except in certain cases, to be paid by the surety applying to be released.

3. SAME—*Order of Probate Court Releasing Surety Void.* On the application of the guardian the probate court entered an order discharging the surety on the guardian's bond and directing a new bond to be filed. *Held,* that the order is void, as there is no statutory authority for the release of the surety on petition of the guardian alone.

4. SAME. In an action by a surety company to recover premiums on a guardian's surety bond, the fact that the probate court entered an order discharging the surety at the request of the guardian and directing a new bond to be filed, constitutes no defense.

5. SAME—*Local Agent of Bonding Company Not a General Agent* The local agent of a bonding company for receiving applications for bonds, and, when directed to do so, to execute the bond in the name of the company, is not a general agent of the company.

Appeal from Mitchell district court; NELSON J. WARD, judge *pro tem.* Opinion filed May 8, 1920. Reversed.

*C. L. Kagey,* and *Omer D. Smith,* both of Beloit, for the appellant.

*R. W. Turner, Donald F. Stanley,* both of Mankato, *A. E. Jordan,* and *Frank A. Lutz,* both of Beloit, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The appeal is from an order overruling plaintiff's motion for judgment on the pleadings.

The action was brought to recover the sum of $155 alleged to be due plaintiff as the premium on a guardian's surety bond. The petition alleged that Bertha W. Cole was appointed by the probate court of Mitchell county guardian for four minor children of Frank A. Cole, deceased, and was required by the court to furnish a surety bond in the sum of $34,400 for the faithful performance of her duties as such guardian, and that the plaintiff as surety executed the bond to run three years, the defendant agreeing in her written application therefor to pay plaintiff as premium for the first year $113 and at the rate of $75.46 for any period in excess of the first year. It alleged that the excuse defendant presented for refusing to pay the premium for the second and third years was that on 11th day of June, 1918, the probate court of Mitchell county had entered an order at her request releasing the plaintiff from further liability upon the bond, and that the order of the probate court was void and of no effect.

The answer set up as a defense that J. J. Kindscher, who was the local agent of the plaintiff for executing the bond, was informed that the defendant desired a bond for one year only, when she expected to furnish a personal bond; that the agent orally agreed with her and on behalf of plaintiff that the obligation to retain plaintiff as her surety and to pay the premiums stipulated in the application should be binding upon her only for the period of one year, and that by reason thereof it was the understanding and agreement between plaintiff and herself that the application was for one year, with the privilege of a longer suretyship if defendant desired, and that it was upon the representations of the local agent of plaintiff and upon this understanding that she signed the application. The answer further alleged that prior to the 15th day of March, 1918, the plaintiff by its local agent requested payment of one year's premium on the bond and stated that payment was required to extend the bond for another year; that through her attorney the defendant replied that a personal bond had been arranged for and that the bond here involved was no

longer needed; that thereupon the local agent of the plaintiff stated that his company wanted a record to place in its files showing that it had been released from liability by the probate court, and asked the attorney to prepare a petition for its discharge and file it in the court; and that all of these matters were within the scope of the agent's employment and authority and in accordance with the provisions of the application for the bond. Attached to the answer was a copy of the petition for the discharge of the surety company, which contains no mention whatever of any request that the application be made on behalf of the plaintiff. It recites that the guardian had been discharged as to one of the minors and still had in her possession $20,000 belonging to three minors, and "now tenders her personal bond in the sum of $41,000 and asks the court for an order releasing said Southern Surety Company of St. Louis, Mo., from further liability on its bond." It was alleged that in pursuance of this application the probate court made the order of record discharging plaintiff from any further liability.

The plaintiff filed a demurrer to the answer and a reply denying that J. J. Kindscher had or possessed any authority as the agent of the plaintiff to make any oral agreement with the defendant contravening the terms of the written contract, or that he had any authority as its agent to make application for the discharge of plaintiff or the release of the bond. Plaintiff then filed its motion for judgment on the pleadings, which was overruled.

The provisions of the statute for the discharge of a guardian's sureties are sections 4673 and 5071 of the General Statutes of 1915. The last mentioned section provides that sureties upon the bond of a guardian may be released in the same manner as sureties of executors and administrators under section 4673, which provides that it shall be lawful for the surety at any time to make application to the probate court to be released from the bond by filing his request therefor with the court and giving at least five days' notice in writing to the principal, and "when such court is of opinion that there is good reason therefor, shall release such surety; . . . The costs of such release shall be paid by the surety applying to be released, unless it shall appear to the court that the adminis-

trator or executor [or guardian] is insolvent, incompetent, or is wasting the assets of the estate." This is the procedure and the only one provided by the statutes for the release of a surety upon a guardian's bond.

.It is suggested in the defendant's brief that section 5062 of the General Statutes of 1915 has some application. The section reads:

"Guardians of the property of minors must account on oath annually, or oftener if required by the court. It may also direct them to give new or additional security, or may remove them for good cause shown, which cause must be entered on the records."

Obviously, it has no application to the situation presented in this case. The purpose of the section, so far as it refers to a guardian's sureties, is merely to give to the probate court authority to require a guardian to give new or additional security. The expression "or remove them for good cause shown, which cause must be entered on the records" refers to guardians and not to sureties. It is the guardian who may be removed by the order of the probate court "for good cause shown."

There is no provision in the statute authorizing the probate court to discharge a guardian's surety from liability by the acceptance of another bond. Where another bond is accepted, it is merely cumulative. (*Richter v. Estate of Leiby*, 101 Wis. 434; *Ward et al. v. The State of Mississippi*, 40 Miss. 108; *Sebastian v. John Bryan*, 21 Ark. 447.)

In *Rush v. The State, ex rel. Bixler, Guardian*, 19 Ind. App. 523, it was said:

"The only way a surety can be released from liability on an administrator's or guardian's bond is to comply with the letter of the statute, and make his application thereunder for release." (p. 534.)

In *Clark v. American Surety Co.*, 171 Ill. 235, the probate court on the application of the administrator entered an order discharging the surety and directed a new bond to be filed. It was held that the order was void because there was no statutory authority for the release of the surety on the petition of the administrator alone.

The duties of the probate court with respect to guardian's bonds are purely statutory. As said by the court in *Ætna Accident & Liability Co. v. Langley* (Okla.), 174 Pac. 1046:

"The county court is merely the instrument by which the bond is obtained. When that is done and the bond is approved, the power of the court over it ceases except such as may be expressly conferred by statute. . . . It is generally held that the court having jurisdiction of the appointment of guardians, executors, and administrators and settlement of their accounts has not the inherent power to discharge such bonds or release the sureties from liability thereon (*Richter v. Leiby's Estate*, supra; *Shaffner v. Rogers*, 53 Pa. 470; *Bellinger v. Thompson*, 26 Or. 320, 37 Pac. 714, 40 Pac. 229); but such power must be conferred by statute, and where there is such a statute, its provisions are mandatory and a strict compliance therewith is essential to work a release of the surety. *Overfield v. Overfield*, 30 S. W. 994, 17 Ky. Law Rep. 313; *Barker v. Boyd*, 71 S. W. 528, 24 Ky. Law Rep. 1389; *Rice v. Wilson*, 129 Mich. 520, 89 N. W. 336; *Brehm v. United States Fidelity & Guaranty Co.*, 124 Wis. 339, 102 N. W. 36; *Kaspar v. People*, 230 Ill. 342, 82 N. E. 816." (p. 1048.)

There can be no doubt that if the guardian in the present case had wasted the estate the surety company would have been liable on its bond and could not have set up as a defense the fact that the guardian had procured an order from the probate court discharging the surety. No authorities are needed to show that the averments in the answer of the oral understanding with the local agent as to the effect of the written application for the bond established no defense, and the mere averment that the local agent of a surety company for the execution of the bond had authority to bind the surety company by an agreement to have an application made to discharge the surety is likewise untenable.

The judgment will be reversed and the cause remanded with directions to render judgment on the pleadings in favor of the plaintiff.