No. 28,249.

F. A. SLOAN, as Administrator of the Estate of Alice N. Houser, Deceased, *Appellee*, v. THE UNITED STATES FIDELITY AND GUARANTY COMPANY, *Appellant*.

(270 Pac. 577.)

Opinion filed October 6, 1928.

*C. L. Thompson*, of Hoxie, for the appellant.

*F. A. Sloan*, of Hoxie, and *E. R. Sloan*, of Holton, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one to recover on a surety bond. Plaintiff prevailed and defendant appeals.

The facts are substantially these:

Alice N. Houser died October 5, 1920, leaving a will which was duly admitted to probate, and Jacob C. Houser was appointed administrator of her estate. His bond was fixed in the sum of $74,000. Personal bond was given for a portion of the amount and surety bond executed by the defendant in the sum of $33,500, which was approved by the court. Houser qualified, entered upon his duties, and in due time filed an inventory of the estate, showing total assets to be $44,015. In January, 1922, he filed with the probate court his annual report, showing that he had received from the assets of the estate, $38,000; that he had made distribution thereof, except $7,250, which remained in his hands. On January 16, 1922, upon his application, an order was made by the probate court discharging the defendant from liability under its bond. The application was made by Houser with no notice upon the parties interested. The estate had already paid the premium on the bond for two years.

The sole question presented is whether the defendant was released by virtue of the order made by the probate court. The rule is stated in 11 R. C. L. 306, that "a surety desiring to be released may on his own motion, obtain such release only by strict compliance with the statutory provision on the subject." In 24 C. J. 1073, it is stated that "in the absence of statute the court is without authority to discharge a surety." Our statute provides that: "It shall be lawful for any surety of any executor or administrator . . . at any time, to make application to the probate court to be released from the bond of such executor or administrator, by filing his request therefor with the court, and giving at least five days' notice in writing to such executor or administrator." (R. S. 22-1007.) In *Surety Co. v. Cole,* 106 Kan. 782, 189 Pac. 957, this court has said that:

"The duties of the probate court with respect to a guardian's surety bond are purely statutory." (Syl. ¶ 1.)

Also:

"On the application of the guardian, the probate court entered an order discharging the surety on the guardian's bond and directing a new bond to be filed. *Held,* that the order is void, as there is no statutory authority for the release of the surety on petition of the guardian alone." (Syl. ¶ 3.)

What was said in the Cole case is applicable here. In that case the court discussed the statute and held that a surety could not be

released from liability on the application of the guardian or administrator. There suit was brought by the company to recover the premium, and the court held it was entitled to do so and said, "there can be no doubt that if the guardian in the present case had wasted the estate, the surety company would have been liable on its bond and could not have set up as a defense the fact that the guardian had procured an order from the probate court discharging the surety." (p. 786.)  In the instant case, the trial court reduced his opinion to writing and quoted from an Oregon case as follows:

"After a bond has been given, the heir, legatee or creditor of the estate acquires and has a vested interest in it, and the power of the county court over it ceases, except in a proceeding authorized by law.  When, therefore, an executor or administrator has given a bond for the performance of his duties as such, he cannot after it has been accepted and filed, upon his own motion, to suit his own convenience, or his own interest, apply for and obtain an order of the county court setting it aside and discharging the sureties thereof and substituting a new one in its stead.  If such was the rule, there would be no security for the estate, and the authorities abundantly show that no such power is vested in the probate court." (*Bellinger v. Thompson,* 26 Ore. 320, 345.  See, also, *Commonwealth v. Rogers,* 53 Pa. St. 470.)

The statute (R. S. 22-1007), as amended by chapter 194 of the Laws of 1927, expressly authorizes the court to release the surety on the application of the executor or administrator on notice.  This amounts to a construction by the legislature to the effect that under the statute, in vogue at the time of the transaction in this case, the court was without authority to release the surety.

There is no question here but that the administrator made default; that he absconded with $7,250 belonging to the beneficiaries of this estate.  We are of opinion the trial court reached the correct conclusion.

The judgment is affirmed.