This is an appeal from a judgment of the district court of Jefferson county upholding an order of the county court of said county relieving Vida Dillard, executrix of the estate of J.H. Dillard, deceased, from continuing to furnish a bond to secure the faithful performance of her duties as said executrix and releasing the sureties on said bond.
From the record and the facts stipulated, it appears that the executrix is the surviving widow of the decedent and is the person expressly named in his will for appointment as his executrix, without bond.
In 1933, several years after her appointment, the executrix was required by order of the county court to furnish a bond in *Page 535 
the amount of $25,000. This order was fulfilled with a bond executed by the Central Surety Insurance Corporation, plaintiff in error, as surety.
On April 14, 1937, the executrix applied to the county court to relieve her from furnishing a bond any longer and alleged in said application that the provisions of the testator's will expressly waived the execution of a bond; that the whole of said estate had "been distributed except the portion willed to her and a balance of a trust fund directed by said will to be created for her two minor children; and that the payment of the premium on said bond constituted a heavy and unnecessary charge against the estate and one not contemplated in the decedent's will.
On the same day that said application was filed, the county court entered an order finding that the retention of said bond constituted an unnecessary financial burden upon the estate and decreeing that the executrix was from that day relieved from furnishing bond, and the surety on said bond was relieved from subsequently accruing liability thereon. Thereafter, the surety company filed a petition of its own in which it was alleged that the proceedings purporting to discharge the executrix's bond were not in conformity with the Oklahoma statutes. The petition also contained a prayer that the executrix be cited to appear before the court and that she be required to file a new bond.
At the hearing had upon the surety company's petition, the county court refused to alter its former order of discharge and held same to be valid and effective. Thereupon, the surety company appealed to the district court of said county, and there the county court's decision was affirmed. From said judgment, the surety company has perfected this appeal.
The only question presented for decision herein is whether the order of the county court was sufficient to relieve the executrix from continuing to furnish a bond and to constitute a valid release of the surety on the bond she had when said order was made.
It is the contention of counsel for the surety company that there is no statutory authority for the company's release from liability as surety on said bond unless the executrix is required to furnish other security.
On behalf of the executrix our attention is called to the fact that her appointment without bond was expressly authorized by the provisions of section 1164, O. S. 1931.
Counsel for the surety company admit the logic in the argument that, since the requirement of such a bond is within the discretion of the county judge in the first instance, the relinquishment of said requirement must also be within his discretion, but, on the other hand, contend that after a bond has once been required of an executor, the sureties thereon can only be released in the manner provided by sections 1171-1173, O. S. 1931, inclusive, and that, since there is no statutory provision for the surety's release as attempted herein, the county court's order was ineffective and void.
While there seems to be authority for the proposition that a surety can be released only by strict compliance with the statutory provisions on the subject, and that in the absence of such provisions, the court possesses no such authority (Woerner, 3rd Ed., American Law of Administration, vol. 2, p. 843; 11 R. C. L. 306; 24 C. J. 1073; Sloan v. United States F. G. Co., 126, Kan. 637, 270 P. 577), yet, in our opinion, this doctrine has no application to the present case and is contrary to the spirit and full import of section 1164, supra, and other sections of our Probate Code, we will hereinafter demonstrate.
Statutes such as section 1164, supra, have always been considered as vesting the requirement of a bond in a case like the present in the sound discretion of the county court. See Bancroft's Probate Practice, vol. 2. sec. 281, p. 538; 11 Cal. Jur. 393, sec. 143; Estate of Randall, 177 Cal. 363,170 P. 835; Mailhebuau v. Superior Court, 112 Cal.App. 295,296 P. 635. This discretion denotes an option of the court to either make or not make such a requirement, according to the precepts of sound judgment under the circumstances. On "discretion," see generally, 18 C. J. 1135, par. 3; Pace v. Olvey (Tex. Civ. App.) 282) S.W. 940, 942; Bennett v. Norton, 171 Pa. 221, 32 A. 1112, 1116; Words and Phrases, First Series, p. 2095, vol. 3. Similarly, since the court may or may not require a bond in the beginning, it is our opinion that after he has once required one, it is also within his sound discretion to abandon or discontinue said requirement. Our attention has been directed to various general expressions of this court and others, indicating that after an executor's bond has been required, executed, and filed, those possessing claims in the administration proceedings have a *Page 536 
property interest in it (Aetna Accident Liability Co. v. Langley, 68 Okla. 283, 174 P. 1046), and the Supreme Court of Oregon (Bellinger v. Thompson, 26 Or. 320, 37 P. 714) has said:
"After a bond has been given * * * the power of the county court over it ceases, except in a proceeding authorized by law."
We fail to see in such expressions a mandate or requirement for specific statutory provision for any certain procedure for the discontinuance by the court of a requirement made, not by the statute, but by the court itself, in the exercise of its discretion. The fact that no procedure is provided is not a conclusive or convincing argument against the existence of the power; nor does it necessarily follow that the proper exercise of that power is not in strict compliance with our statutes. When an executor is required to file a bond, even though the will expressly relieves him from doing so, doubtless those inheriting interests in the estate, as well as those having valid claims against it, have a beneficial interest in said bond, of which they cannot arbitrarily be deprived and upon which a right to object to the release or cancellation of said bond can be predicated and an appeal taken on the ground of the trial court's abuse of discretion in the matter, yet we are not shown nor do we know of a statute which deprives the court of the power to countermand his own prior order requiring the bond after same has once been given, where good cause is shown for so doing. At common law, the executor was not required to furnish a bond in order to qualify for appointment, if the will did not require it. See 11 R. C. L. 298. To us, it seems very improbable and practically inconceivable that by the enactment of section 1164, supra, the Legislature did not contemplate a solution to a situation such as is here presented. Though the court does not require the executor to give a bond when he is appointed and letters testamentary are issued, yet there is no doubt that by other sections of our Code said court may require such a bond during subsequent stages of the administration of the estate (sections 1158, 1169, and 1170, O. S. 1931), and all who are familiar with the practice of our county courts in administration proceedings know that they have exercised the prerogative of reducing the amount of said bonds when the condition of the estate and the circumstances have justified such reduction. See, generally, Bancroft's Probate Practlee, vol. 2. secs. 381 and 383. And the court may cause the bond to be increased on his own initiative. See section 1169, supra. Since the court may reduce the amount of the bond as the property interests which it was given to protect leave the executor's possession and control, we see no valid or logical reason why he may not release the executor from furnishing any bond whatsoever after the corpus of the estate has been distributed. Indeed, the inadequacy of our Probate Code would be patent if it afforded an estate no relief from the onerous burden of maintaining a large and expensive commercial bond, other than by the doubtful method of prevailing upon the surety on said bond to make the application. In our opinion, sections 1171-1173, O. S. 1931, dealing with a release upon the application of the surety, have no application, nor bearing upon the right of an executor to be relieved from retaining a bond under the circumstances of the present case. We think that such a contingency was within the contemplation of the Legislature in placing the requirement of a bond within the sound discretion of the county court by section 1164, supra, and that such discretion continues after a bond is once required, so that the court may relieve the executor from his former requirement of the bond when the legal and practical necessities for same no longer exist.
In this case, case, we, of course, do not pass upon all of the procedural requirements prerequisite to any order releasing an executor from the requirement of a bond prior to the distribution of the legacies of all of the other devisees under the will. It should be specifically understood that this appeal was submitted to this court upon the sole and only question of whether an executor can be relieved of retaining a bond under the circumstances herein described and upon his own application. Under our construction of the Oklahoma statutes, we have reached the conclusion that the county court possesses this authority, but this is the only point which we have considered.
The judgment of the trial court is hereby affirmed.
BAYLESS, C. J., and RILEY, OSBORN, and GIBSON, JJ., concur. *Page 537