## WHITE et al. v. WILBANKS et al.
### No. 5219.

Court of Civil Appeals of Texas. Amarillo.
Nov. 12, 1940.

W. S. Birge, of Amarillo, for appellants.

J. L. Bagwell, of Amarillo, for appellees.

JACKSON, Chief Justice.

The record shows that the Potter County News was a partnership composed of Wm. A. Wilbanks and Clyde R. Hazelwood who, under the partnership name, published the Potter County News, a newspaper in Potter County, Texas, on all the dates material to this litigation. White's Auto Stores was a partnership composed of W. Earl White, Tom C. White, W. A. White and George G. Adams, who owned and, by their local manager, George Mansur, conducted a mercantile business under their partnership name in Amarillo, Texas.

On June 9, 1937, the Potter County News, designated therein as party of the first part, and the White's Auto Stores, named as parties of the second part, entered into the following contract:

"Know all men by these presents that I, Wm. A. Wilbanks, of the County of Potter, State of Texas, hereinafter referred to as Party of First Part, and George Mansur as manager of White's Auto Stores, located in Amarillo, Texas, hereinafter called party of the second part, do enter into and make the following agreement:

"Party of the first part, for and in consideration of twenty (20¢) cents per column inch, does agree to insert in the Potter County News, weekly, as ordered by the White's Stores, ad advertising copy as released on insertion orders.

"Party of the second part, for and in consideration of the benefits derived from the above mentioned advertising, agrees to use a minimum of 4,000 column inches of advertising space at the agreed price of 20 cents, to be used within the twelve months period, from June 19, 1937, to June 19, 1938, said advertising to be inserted in the Potter County News, in accordance with insertion orders released weekly by White Auto Stores,

"Party of the second part, further agrees to remit to party of the first part in full every thirty days, for space ordered during the proceeding month.

"Party of the second part further agrees that in the event that 4,000 column inches of advertising are not ordered by party of the second part, during the period covered by this contract, the unused portion of the contracted space of 4,000 inches shall be due and payable on June 19th, 1938.

"Party of the first part agrees that any advertising space ordered during the life of this contract over and above the minimum of this contract, shall be inserted at the contract price of twenty (20) cents per column inch.

"Witness our hands at Amarillo, Texas, this the nineteenth day of June, A. D. 1938."

On May 25, 1939, Wm. A. Wilbanks and Clyde R. Hazelwood, the plaintiffs, doing business as the Potter County News, instituted this suit in the County Court of Potter County against the defendants, W. Earl White, Tom C. White, W. A. White and George G. Adams, doing business as White's Auto Stores in Amarillo, Texas, to recover the sum of $447.80, the alleged balance due on the unused part of the contract.

The plaintiffs allege that during the contract year which began June 19, 1937, and ended June 19, 1938, they were ready, willing and able to perform the contract in compliance with the terms and provisions thereof but that the defendants failed and refused to release to plaintiffs for publication advertising copy for 4,000 column inches at the agreed price of 20¢ per inch but furnished only 1976 column inches which was published promptly and for which they received $353.20, leaving the defendants indebted to them in a balance of $447.80 which amount became due and payable on June 19, 1938.

The defendants answered by general demurrer, special exceptions, general denial and denied under oath that they were indebted to appellees in any sum.

They pleaded that they had furnished 306 column inches of advertising before the contract sued on was executed but by agreement thereafter these 306 inches were to constitute a part of the 4,000 inches. They pleaded that there is a general custom among newspapers of which plaintiffs and defendants knew by which contracts for advertising are made on a sliding scale and such custom was in contemplation of the parties when they entered into the written contract. They alleged that on or about March 11, 1938, the written contract was changed by an oral agreement and it was thereby stipulated that the unused part of the 4,000 column inches should be paid for on a sliding scale. The defendants also pleaded that should it be determined that the defendants breached the contract the plaintiffs sustained no damages thereby for the reason that they were not ready, willing and able to print the advertising covered in the contract according to its terms; that the price charged for advertising is not all profit and it would have cost the plaintiffs $285.15 to have published the 1901 unused column inches stipulated for in the contract and their profit thereon would not have exceeded $95.05; that there had been a settlement and adjustment of the accounts between the parties and the plaintiffs were estopped to sue for or recover any additional sums.

In response to special issues submitted the jury found, in effect, that the plaintiff and defendant had agreed subsequent to June 19, 1937, that the opening advertisement of 306 column inches was to be included in the 4,000 inches in the contract; that there was no oral agreement that the written contract should be changed so that the balance payable for the unused portion of the contract should be adjusted on a sliding scale.

On these findings judgment was rendered that the plaintiffs have and recover judgment of and from the defendants for the sum of $380.20 with interest thereon at the rate of 6 per cent per annum until paid and all costs of suit, from which judgment this appeal is prosecuted.

The appellants by several assignments assail as error the action of the court in rendering judgment against them because the written contract did not provide for the payment of liquidated damages and the price of publishing the advertisements was not all profit and the appellees failed to plead or prove the amount of the damages they sustained on account of the breach of the contract by appellants.

The contract provides in effect that the appellant will use a minimum of 4,000 column inches of advertising space in the Potter County News at 20 cents per column inch from June 19, 1937, to June 19, 1938; that the advertising was to be furnished by appellants weekly and inserted in the paper in accordance with the orders of appellants who agreed that "in the event that 4,000 column inches of advertising are not ordered" by appellant "during the period covered by the contract the unused portion of the contracted space of 4,000 inches shall be due and payable on June 19, 1938."

In determining whether the contract stipulated for liquidated damages the intention of the parties is a controlling factor and this intention is to be ascertained if it may be from an examination of the terms of the contract, construed in the light of the subject matter, the character of the transaction, the situation of the parties and the certainty or uncertainty of showing the amount of actual damages.

sustained and the ease or difficulty with which proof of such actual damages can be made.

The record shows that the Potter County News contained from six to twelve pages each week depending on the amount of advertising that appellees obtained for publication each week and that additional pages were added at any time it was necessary in order to take care of the business. The testimony shows without contradiction that the price of advertising charged for the publication thereof in a newspaper is not all profit; that the expenses involved in the instant case consisted of the general cost of operation, the investment, the location of the premises, the purchase and upkeep of machinery and equipment, the price of paper and ink and the necessary labor to do the work.

These facts disclose the difficulty, if not the impossibility, of proving with any degree of certainty the amount of actual damages suffered by appellees on account of the breach of the contract by appellants and while appellants pleaded the expense to plaintiffs of publishing the unused column inches and the profit they would have made they offered no proof and requested the submission of no issue on this contention. McElroy et al. v. Danciger, Tex.Civ.App., 241 S.W. 1098.

There is nothing on the face of the contract nor in the testimony that indicates that the amount stipulated in the contract as damages is excessive. 13 Tex.Jur. 120, § 44; Walsh v. Methodist Episcopal Church South, of Paducah, Tex., et al., Tex.Com.App., 212 S.W. 950.

Langever v. R. G. Smith & Co., Tex. Com.App., 278 S.W. 178, 179, in holding that a provision in a billboard advertising contract stipulated for liquidated damages, the Commission of Appeals, with the approval of the Supreme Court, says: "Perhaps the most reasonable ground upon which agreed liquidated damages clauses are sustained is the difficulty or uncertainty that confronts the parties with respect to an accurate estimate of the damages to flow from the breach. Where it is certain that damages will flow, and where it is certain they cannot be accurately measured, or where it appears their ascertainment, if possible, will be difficult, the best reasons exist for respecting the agreement of the parties in advance upon a sum mutually satisfactory. In this case the nature of plaintiff in error's business, the character and amount of expense to him in procuring sites, and the construction of signboards and their maintenance as contemplated by the contract, and the extreme difficulty, if not impossibility, of proving even the approximate amount of his damages in case of a breach, we think constitute ample reason and justification for holding the clause of the contract under consideration to be a stipulation for liquidated damages rather than a mere penalty. 11 Williston on Contracts, § 783. Any effort to establish the actual damages for a breach of a contract such as the one under consideration here would be attended with such unusual considerations and surrounded with such uncertainty and difficulties as to take the case out of the usual class of cases of mere default in the payment of money, and thus to afford fair grounds for sustaining an agreement for liquidated damages."

See, also, Pace v. Olvey, Tex.Civ.App., 282 S.W. 940; Ferguson v. Ferguson, Tex. Civ.App., 110 S.W.2d 1016; 13 Tex.Jur. 114 § 28; Nelson et al. v. Richardson et al., Tex.Civ.App., 299 S.W. 304; City of Indianola v. Gulf, Western Texas & Pacific Railway, 56 Tex. 594.

In view of the record and these authorities it is our opinion that the contract provided for the payment of 20 cents per column inch for the unused part of the 4,000 column inches of advertising which appellants contracted to use from June 19, 1937, to June 19, 1938. All controversy about the number of column inches furnished and used has been eliminated by the finding of the jury and there is no contention that if the stipulation in the contract authorized liquidated damages that the amount of the judgment in favor of appellees is incorrect.

The court did not submit to the jury, neither did the appellant request the submission of the defensive issues pleaded by them of settlement, custom, or what it would have cost appellees to have published the unused part of the 4,000 column inches, and the evidence is without substantial contradiction that appellees were ready, willing and able to publish any advertising matter released to them according to the provisions of the contract.

The appellant, in our opinion, having failed to present any reversible error, the judgment is affirmed.